Dennis B. GRILLO, Richard Correia, Missy Margolis, David G. Margolis, Susan K. Wallis, Centennial Realty & Development, Inc., G & W Realty Trust, and Adin Street Realty Trust, Plaintiffs and Defendants in Counterclaim,

v.

The FEDERAL DEPOSIT INSURANCE CORPORATION, as Liquidating Agent of Milford Savings Bank, Defendant,

The Federal Deposit Insurance Corporation, in its Corporate Capacity, Plaintiff in Counterclaim.

Civ. A. No. 90–40129–GN.

United States District Court, D. Massachusetts.

Sept. 16, 1993.

John Woodward, Seder & Chandler, Worcester, MA, Barry J. Walker, Framingham, MA, for plaintiffs and defendants in counterclaim.

Michelle A. Barnett, Steven L. Feldman, Brown, Rudnick, Freed & Gesmer, Paul R. Devin, Ben L. Fernandez, Maureen Mulligan, Peabody & Arnold, Boston, MA, for defendant and plaintiff in counterclaim.

MEMORANDUM OF DECISION

GORTON, District Judge.

I.  INTRODUCTION

This action comes before the Court on summary judgment motions filed by the Fed-

eral Deposit Insurance Corporation ("FDIC") in its various capacities. On October 9, 1992, the defendant, the FDIC as liquidating agent of Milford Savings Bank ("MSB"), moved for summary judgment on all counts asserted against it in the complaint and counterclaim of plaintiffs, David G. Margolis and Missy Margolis, individually and as trustees of the Adin Street Realty Trust (the "Margolises"). Additionally, on October 9, 1992, the FDIC, in its corporate capacity, moved for summary judgment on all counts of the counterclaim originally filed by MSB against the Margolises. The Margolises have not filed any opposition to either of these two motions.

## II. FACTS [1]

### A. *The FDIC's Counterclaim*

On September 23, 1988, the Margolises executed and delivered to MSB a written promissory note in the original principal amount of $800,000 (the "Note"). Pursuant to the terms and conditions of the Note, the Margolises agreed to make monthly installment payments to MSB and to repay the loan one year later on September 23, 1989.

The Margolises failed to make installment payments provided for in the Note and they failed to repay the loan on the date it matured. On January 16, 1990, the MSB formally made demand upon the Margolises for immediate payment in full. The Margolises, however, did not make any payment to MSB.

On July 6, 1990, the Commissioner of Banks for the Commonwealth of Massachusetts declared MSB in unsafe and unsound condition, and appointed the FDIC as liquidating agent of MSB. The FDIC, as liquidating agent, succeeded to MSB's rights under the Note. Pursuant to a purchase and assumption transaction, the FDIC as liquidating agent, assigned to the FDIC, in its corporate capacity, certain of MSB's assets, including the Note upon which FDIC's counterclaim is based. The FDIC, as liquidating agent, retained certain of MSB's liabilities,

including the claim asserted by the Margolises in their complaint and counterclaim.

With respect to the Note, the total principal balance owed is $800,000. As of June 4, 1992, aggregate interest on the Note totalling $361,382.07 was due and increasing at the rate of $284.93 per diem. Therefore, as of that date, the Margolises owed the FDIC, in its corporate capacity, $1,161,382.07, plus costs and reasonable attorneys fees.

### B. *The Margolises' Claims*

According to the original complaint, the Margolises, as well as other plaintiffs, claim that MSB initially made a $550,000 construction loan to some or all of the plaintiffs which loan was secured by certain mortgages. MSB allegedly failed to fund the loan, declared a default and attempted to foreclose on the mortgages. The plaintiffs moved for an injunction to prohibit foreclosure, but that motion was denied.

According to their counterclaim, the Margolises were developing a subdivision of land in Hopedale, Massachusetts ("the Project") which was to be financed by an initial $650,000 loan from MSB. The construction costs associated with the Project were, however, greater than anticipated and the Margolises obtained a second, larger loan for $800,000 from MSB. The Margolises claim that, without their knowledge or consent, MSB cross collateralized the second $800,000 loan with another construction program which was "unrelated" to the Project. They also allege that MSB advanced an unspecified amount of money to certain vendors for work on other construction projects. The Margolises claim that MSB agreed that interest payments for the Project would be deducted directly from the loan proceeds and that additional construction financing for up to six homes would also be provided. Because of MSB's alleged advance of funds to certain vendors and its refusal to fund additional construction of houses at the Project, the Margolises claim that the Project was compromised and that it therefore subsequently failed.

---

1. Because the Margolises have not filed any opposition to the FDIC's summary judgment motions and have not otherwise disputed the truth of any of the facts asserted by the FDIC, the Court accepts the facts proffered by the FDIC as true and accurate.

## III. LEGAL ANALYSIS

### A. *Summary Judgment Standard*

Summary Judgment shall be rendered where the pleadings, discovery on file and affidavits, if any, show "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When one party has moved for summary judgment, it then falls to the opposing party to demonstrate a genuine disagreement as to some material fact. *United States v. One Parcel of Real Property, Etc. (Great Harbor Neck, New Shoreham, R.I.)*, 960 F.2d 200, 204 (1st Cir.1992). In the present case, the Margolises have failed to demonstrate a genuine disagreement as to any material fact alleged by the FDIC. Therefore, based on the facts as asserted by the FDIC, the FDIC in its corporate capacity, is entitled to summary judgment on its counterclaim as a matter of law. This Court, however, lacks subject matter jurisdiction to consider the original claims of the Margolises against the FDIC as liquidating agent for MSB.

### B. *The FDIC's Counterclaim*

■ The FDIC, in its corporate capacity, has introduced evidence that the Margolises signed the Note with the MSB for a principal amount of $800,000. The Margolises have not disputed the authenticity of the Note, nor have they introduced any evidence which suggests that they did not, in fact, execute the Note, or that they were improperly induced into signing the Note. In their answer to the FDIC's counterclaim, the Margolises claim that they do not owe the FDIC any money with respect to the Note because MSB failed to act in a commercially reasonable manner and failed to honor certain representations. The Margolises have failed, however, to support their allegations with *any* evidence whatsoever in response to the FDIC's summary judgment motion. There-

fore, the FDIC's summary judgement with respect to its counterclaim, which is premised on the Note, is hereby ALLOWED.[2]

### C. *The Margolises' Complaint and Counterclaim*

■ The Court lacks subject matter jurisdiction over the claims which are asserted by the Margolises against the FDIC. 12 U.S.C. § 1821(d)(3) expressly provides that the FDIC, acting as receiver of a failed bank, has authority to determine the validity of all claims against a failed bank. Such claims must be presented to the FDIC by a date specified by the FDIC in a published notice to creditors, 12 U.S.C. § 1821(d)(3)(B)(i), and shall be determined on or before the end of a 180–day period beginning on the date a claim is filed. 12 U.S.C. § 1821(d)(5)(A)(i). If the FDIC denies the claim, the claimant may seek judicial determination of its claim, but if the administrative remedies are not exhausted, the Court lacks jurisdiction over the claims relating to acts or omissions by the bank. 12 U.S.C. § 1821(d)(6)(A) and § 1821(d)(13)(D)(ii).

The Margolises have proffered no evidence that they, in fact, filed a proof of claim with respect to their claims with the FDIC, as liquidating agent for the MSB. Because the Margolises failed to exhaust their administrative remedies, this Court lacks subject matter jurisdiction to hear the Margolises' claims against the FDIC. Therefore, the Margolises' claims are dismissed.

## IV. CONCLUSION

For the foregoing reasons, the summary judgment motion of the FDIC, in its corporate capacity is hereby ALLOWED. The Margolises' claims asserted against the FDIC, as liquidating agent for MSB, are DISMISSED because this Court lacks sub-

---

**2.** Even if the Margolises produced evidence which showed that the MSB did in fact breach representations made to them at the time of the loan, the Margolises would still need to produce evidence sufficient to overcome the formidable hurdles that the *D'Oench Duhme* doctrine and 12 U.S.C. § 1823(e) present. *See e.g. Timberland Design, Inc. v. First Service Bank for Savings*, 932

F.2d 46, 50 (1st Cir.1991). Furthermore, even if the Margolises were able to produce evidence that the MSB made misrepresentations which induced them to sign the Note, that claim too would be unavailing in light of *Langley v. FDIC*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987).

ject matter jurisdiction to determine those claims.